

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SLT:UAD
F.#2012R00370

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 27, 2012

<u>By Hand Delivery</u>

The Honorable Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

              Re:   United States v. Derrick Dunkley
                    <u>Magistrate Docket No. 12-846</u>

Dear Judge Dearie:

          The government writes at the Court's request to respond
to a December 3, 2012 letter written by defense counsel ("Def.'s
Ltr.") in the above-captioned case seeking a return of the
defendant's property.  For the reasons below, and at this time,
the defendant is not entitled to the return of any property
currently in the government's possession.

I.        <u>Background</u>

          The defendant was arrested on September 20, 2012, in
connection with an investigation of two armed robberies of Pay-O-
Matic check cashing stores in Queens.  Approximately one month
prior, on August 21, 2012, defendants Edward Byam and Akeem
Monsalvatge were arrested in connection with the same
investigation.  Byam and Monsalvatge were subsequently indicted
(12-CR-586), and their criminal cases are pending before Your
Honor.  On November 20, 2012, the government moved to dismiss
Dunkley's criminal complaint without prejudice, and he has since
been released from custody.  Dunkley was not indicted and has no
criminal case pending before Your Honor.  However, any future
criminal case against Dunkley would be related to that of Byam
and Monsalvatge.

II.       <u>The Defendant's Property</u>

          In his December 3, 2012 letter, the defendant seeks the
return of a laptop computer, two cellular telephones, a backpack,
a passport and an identification card, all of which he believes

2

were seized at the time of his arrest.  (Def.'s Ltr. 2.)  Upon speaking to the Bureau of Alcohol, Tobacco, Firearms and Explosives special agent handling this investigation, it is the undersigned's understanding that the government did not seize the the defendant's passport, and is therefore not in possession of it.  The other items the defendant would like returned are currently being held as evidence in the ongoing criminal case. When these items are no longer needed as evidence, and if the government determines that they are not contraband or subject to forfeiture, the government will return them to the defendant. See, e.g., Karron v. United States, No. 12 CIV 118, 2012 WL 2105834, at * 2 (S.D.N.Y. June 7, 2012) (holding that, when seeking the return of property, "the moving party must demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended.").

         For these reasons, the defendant's motion seeking the return of his property should be denied.


                              Respectfully submitted,

                              LORETTA E. LYNCH
                              UNITED STATES ATTORNEY


                    By:      _____/s/_____
                              Una Dean
                              Assistant U.S. Attorney
                              (718) 254-6473


cc:  Clerk of Court (by ECF)
     Emily Daniels, Esq. (by ECF)